QIU CHEN, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto

R. Gonzales,[1] Respondents.

No. 04–6132–AG.

United States Court of Appeals,
Second Circuit.

Feb. 9, 2006.

Yee Ling Poon, New York, New York, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Serrin Turner, Sarah S. Normand, Assistant United States Attorneys, New York, New York, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. DENNIS JACOBS, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is hereby DENIED.

Qiu Chen, through counsel, petitions for review of the BIA decision denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews questions of law de novo, *see Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003), but reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

Children are not *per se* eligible for asylum based on their parents' forcible abortions or sterilizations. *Shao Yan Chen v. United States Dep't of Justice*, 417 F.3d 303, 305 (2d Cir.2005). So Chen cannot claim past persecution based on his mother's sterilization, much less his cousin's. *See id.* Moreover, substantial evidence supports the IJ's finding that his fear of future persecution was too speculative to be considered well-founded. Chen, unmarried and without children, points to no evidence other than his mother's sterilization to suggest that he or his hypothetical future wife might also be sterilized. As this Court has upheld the denial of asylum to married women with children whose fear of persecution is based only on their knowledge of relatives being forcibly sterilized, *see Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005), the IJ properly denied Chen's even more speculative claim.

Substantial evidence also supports the IJ's denial of CAT relief. Chen's assertion that he would be arrested and detained upon his return to China was based entirely on subjective belief and hearsay. Likewise, the background evidence that human rights violations occur in Chinese prisons was insufficient to establish that someone in Chen's "particular alleged circumstances" was more likely than not to be imprisoned or tortured in China. *See Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir.2003).

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending request for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).